UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 2:03cr0004(1) AS |
| | ) | |
| **JONG HI BEK** | ) | |

*MEMORANDUM OPINION AND ORDER*

This court takes full judicial notice of the record in this case and particularly the record in this case since it became the responsibility of the undersigned Judge. This court is fully aware that there may be events and actions in this case by the two predecessor district judges that this court may not know about fully. This court did preside at the jury trial in this case and is fully aware of the evidence and proceedings in that trial. Early on in this case, a forfeiture effort was made by the United States of America which in effect essentially froze something over a million dollars worth of assets belonging to Dr. Bek. The predecessor judges or magistrate judges engaged in the process of releasing assets to Dr. Bek so that he could employ counsel to represent him.

There is an elaborate history of Dr. Bek's dealings with counsel both in this case and in state court proceedings. Given the difficulties involved in securing immediate funds for counsel prior to the trial set in this case before this court, extraordinary measures were taken in Dr. Bek's favor to ensure that he had competent representation in the trial, and he did. It was to his great benefit that special efforts were made to secure a very competent and experienced criminal defense lawyer to represent him. Mr. Clark Holsinger was that lawyer

and he was well prepared and entirely competent to do so. The standards under *Strickland v. Washington*, 466 U.S. 668 (1984) were met. To be perfectly fair, the record discloses that both Judge Lozano and the undersigned Judge specifically advised Dr. Bek that under the circumstances of his being represented by counsel appointed under the Criminal Justice Act, he could be required to reimburse the funds spent for his defense which included counsel fees, expert witnesses and other incidental expenses. It has been so ordered and it is the hope and desire of this court that that reimbursement take place in the immediate future without delay. In this regard, Dr. Bek has advised that he will hire counsel in the immediate future and should do so well in advance of the scheduled sentencing date and no later than June 30, 2005.

While this trial was proceeding and before it was over, counsel for Dr. Bek filed in this case a motion for a new trial citing Rule 33, Federal Rules of Criminal Procedure on the basis of an opinion entered by the Honorable William C. Lee, a Judge of this court in another case involving a defendant named Jerry T. Jarrett in the Fort Wayne division of this court on May 23, 2005. That opinion is a matter of record in this case now, having been made so by counsel for Dr. Bek and this court has carefully reviewed it. An attempt is made to show some wash effect of Judge Lee's opinion in this case. First, this court is not familiar with the details of the record in the Jarrett case which was before Judge Lee. Secondly, it is assumed that <u>this</u> record which has been before three different district judges thus far was not the principal focus of Judge Lee's decision. It is not understood here that Judge Lee has

ruled that the federal prosecutors prosecuting <u>this</u> case have acted in some improper way <u>here</u>. As far as this court can consider, there has been no such misconduct in <u>this</u> case. Far from it. The backup argument made on behalf of Dr. Bek here is that Dr. Bek was deprived of competent counsel by the indictment against Mr. Jarrett. To put it mildly but bluntly, such is a completely disingenuous argument. The record in this case clearly discloses that the reason Mr. Jarrett is not employed as defense counsel in <u>this</u> case was purely and simply money. Mr. Jarrett wanted more money and Dr. Bek did not want to pay it. That was the reason Dr. Bek did not have the services of Mr. Jarrett in <u>this</u> case.

    The first motion for a new trial made on May 24, 2005 during the jury trial in this case was certainly not timely but it also was without merit. The later motion filed June 3, 2005 is also without merit. The evidence heard in this case under the various counts of the indictment was simply overwhelming. More importantly, the jury had the opportunity to see and hear Dr. Bek testify under oath and to evaluate his credibility, a very important part of the human dimension of trial by jury under Article III of the Constitution of the United States, as well as the Sixth Amendment in the Bill of Rights of that Constitution. So the post-trial motions, whether timely or not, are without merit and **DENIED**. Dr. Bek should advise this court in the immediate future the name of the lawyer who will represent him in further proceedings in this case or that lawyer should formally enter his or her appearance in the case. In any event, same should occur before June 30, 2005. Dr. Bek needs to understand in absolute categorical terms that he is no longer going to be able to use a lawyer

provided under the Criminal Justice Act.  He now has abundant resources to employ counsel.  Certainly this does not preclude him and his successor counsel from appropriately conferring and consulting with Mr. Clark Holsinger.  Quite to the contrary, such should be encouraged.  Mr. Holsinger is most welcome to appear and speak at the sentencing proceedings in this case.  **IT IS SO ORDERED**.

**DATED:**  June 20, 2005

                                          **S/ ALLEN SHARP**
                                          **ALLEN SHARP, JUDGE**
                                          **UNITED STATES DISTRICT COURT**